**SHI LIAN DONG, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

**No. 11–4032.**

United States Court of Appeals, Second Circuit.

Aug. 14, 2012.

Richard Tarzia, Esq., Law Office of Richard Tarzia, Belle Mead, NJ, for Petitioner.

Stuart F. Delery, Acting Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director, Nancy N. Safavi, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

Present: RALPH K. WINTER, JOSEPH M. McLAUGHLIN, PETER W. HALL, Circuit Judges.

---

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shi Lian Dong, a native and citizen of the People's Republic of China, seeks review of a September 8, 2011, order of the BIA affirming the January 7, 2010, decision of Immigration Judge ("IJ") Robert Weisel denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shi Lian Dong,* No. A089–097–074 (B.I.A. Sept. 8, 2011), *aff'g* No. A089–097–074 (Immig. Ct. N.Y. City Jan. 7, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder,* 562 F.3d 510, 513 (2d Cir.2009).

While there is a question whether the IJ's analysis of Dong's credibility was flawed, we do not need to reach that issue. Remand would be futile in this case, *see Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 339–40 (2d Cir.2006), because the agency also rested its denial of relief on the alternative ground that Dong failed to meet his burden of proof with respect to his asylum claim.

Dong did not testify that he had been harmed in any way in China as a result of his Falun Gong activities. He testified only that he and his friends were approached by police while distributing Falun Gong pamphlets, that they ran away, and that he later learned police had come to his home on one occasion to search for and arrest him. On that evidence, the agency properly found that Dong did not suffer harm from these events that was sufficiently severe to qualify as persecution. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006). The agency also properly found that Dong failed to establish a well-founded fear of future persecution given the lack of evidence in the record that the authorities in China were aware, or likely to become aware, of his Falun Gong practice. *See Hongsheng Leng v. Mukasey,* 528 F.3d 135, 143 (2d Cir.2008).

Because Dong's claims for withholding of removal and CAT relief shared the same factual predicate as his asylum claim and also imposed a higher burden of proof, the denial of his asylum claim also foreclosed his withholding of removal and CAT claims. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED.